UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
U.S. BANK TRUST, N.A.,
*as Trustee for LSF9 Master Participation Trust*,

                                Plaintiff,

                    - against -

REBECCA MARRERO GEBMAN, a/k/a "Rebecca Marr
Gebman," and BANK OF AMERICA, N.A.,

                               Defendants.
-------------------------------------------------------------------------x

**OPINION AND ORDER**

No. 16-CV-7033 (CS)

Appearances:
Stephen J. Vargas
Gross Polowy, LLC
Westbury, New York
*Counsel for Plaintiff*

Rebecca Marrero Gebman
Beacon, New York
*Defendant Pro Se*

Seibel, J.

      Before the Court is Plaintiff's motion for summary judgment seeking a judgment of foreclosure and sale. (Doc. 51.) For the following reasons, Plaintiff's motion is denied and the complaint is dismissed for lack of subject matter jurisdiction.

**I.    BACKGROUND**

      This is an action to foreclose a mortgage loan. Plaintiff U.S. Bank Trust, N.A., is a national banking association with its principal executive office in Wilmington, Delaware. (Doc. 58 ("Vargas Reply Decl.") Ex. A ¶ 5.) *Pro se* Defendant Rebecca Marrero Gebman is a citizen of New York and the owner of property located at 2 Wilson Street, Beacon, New York (the

"Property"). (Doc. 1 ("Compl.") ¶¶ 1, 3.) Defendant Bank of America, N.A. ("BoA"), is "a national association . . . with its principal place of business in . . . Charlotte, NC." (*Id.* ¶ 4.)

On July 14, 2006, Defendant obtained a mortgage loan in the original principal amount of $400,000, which was memorialized in a note dated July 14, 2006, and secured by a mortgage on the Property, also dated July 14, 2006. (*Id.* ¶¶ 9-10.) Gebman defaulted on the mortgage loan by failing to make the payment due August 1, 2015, and all payments due thereafter. (*Id.* ¶ 16.) BoA is the holder of a mortgage encumbering the Property that is subject and subordinate to Plaintiff's Mortgage. (*Id.* ¶ 4.)

Plaintiff filed suit against Gebman and BoA on September 9, 2016. On October 25, 2016, Gebman filed an Answer, (Doc. 13), which she amended on February 21, 2017, (Doc. 24), and corrected on February 23, 2017, (Doc. 25). In her Amended Answer, Gebman asserted crossclaims against BoA and counterclaims against Plaintiff. (*See id.*) On March 24, 2017, BoA filed a letter concerning its anticipated motion to dismiss the crossclaims, (Doc. 26), and on April 17, 2017, Plaintiff filed a letter concerning its anticipated motion to dismiss the counterclaims, (Doc. 32). The Court treated both letters as motions, (*see* Minute Entry dated Apr. 12, 2017; Doc. 34), and Gebman failed to oppose, (*see* Doc. 38). On June 5, 2017, the Court granted both motions to dismiss. (Minute Entry dated June 5, 2017.)

On December 15, 2017, Plaintiff moved for summary judgment of foreclosure and sale. (Doc. 51.) On January 18, 2018, Gebman filed her opposition, in which she argued that Plaintiff had failed to prove that the Court has subject matter jurisdiction over the action. (Doc. 55.) Plaintiff filed a reply on January 29, 2018, (Doc. 56), and a corrected reply on January 30, 2018, (Doc. 58). After the Court directed Plaintiff to cure deficiencies in its submissions with respect

to its compliance with Local Civil Rules 56.1(d) and 56.2,[1] and provided Gebman with opportunities to respond, (*see* Docs. 64, 67), the motion was fully briefed as of July 11, 2018.

## II. LEGAL STANDARD

Without exception, federal courts are required to determine if jurisdiction is lacking. *See Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (citing *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "Issues relating to subject matter jurisdiction may be raised at any time, even on appeal, and even by the court *sua sponte*." *Id.* (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976)). "If a court perceives at any stage of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the action." *Id.*

Whether raised by motion, *sua sponte* or otherwise, the Court may consider materials outside the pleadings, such as affidavits, documents and testimony, in determining its subject matter jurisdiction, *see Wheeler v. Citigroup*, 938 F. Supp. 2d 466, 471 (S.D.N.Y. 2013); *U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 449 (S.D.N.Y. 2001), and the plaintiff "has the ultimate burden of proving the Court's jurisdiction by a preponderance of the evidence," *Phipps*, 152 F. Supp. 2d at 449 (collecting cases). Subject matter jurisdiction is assessed as of the time the Complaint was filed. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004).

---

[1] These same two deficiencies were replicated by Plaintiff's counsel in another matter before this Court, and the Court issued the same orders. (*See LPD Mortgage Ltd. v. Featherston*, No. 17-CV-1277 (S.D.N.Y.), Docs. 27 & 30.) Plaintiff's counsel was previously warned about his failure to comply with Rule 56.1. *See U.S. Bank Tr. U.S. Bank Tr., N.A. v. Dingman*, No. 16-CV-1384, 2016 WL 6902480, at *1 n.1 (S.D.N.Y. Nov. 22, 2016).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

Plaintiff asserts that subject matter jurisdiction exists based on diversity of citizenship, (Compl. ¶ 7), which "generally requires each defendant to be a citizen of a different state from each plaintiff," *U.S. Bank Tr., N.A. v. Monroe*, No. 15-CV-1480, 2017 WL 923326, at *3 (N.D.N.Y. Mar. 8, 2017) (collecting cases).[2]

Plaintiff serves as trustee of LSF9 Master Participation Trust. "Under New York law, a trust cannot sue or be sued, and suits must be brought by or against the trustee." *U.S. Bank Nat'l Ass'n v. 2150 Joshua's Path, LLC*, No. 13-CV-1598, 2017 WL 4480869, at *3 (E.D.N.Y. Sept. 30, 2017) (emphasis and internal quotation marks omitted). "When a case involves assets that belong to a trust, the trustee is a real and substantial party if it has customary powers to hold, manage, and dispose of the trust assets." *Wells Fargo Bank, N.A. v. Ullah*, No. 13-CV-485, 2014 WL 470883, at *3 (S.D.N.Y. Feb. 6, 2014). Where that degree of control is established, the trustee's citizenship controls for diversity purposes. *See id.* Although Plaintiff's Complaint is not well pleaded on this issue, Plaintiff submitted an affidavit of Kolette Modlin, an authorized officer of Plaintiff's mortgage loan servicer, averring that Plaintiff "is empowered to hold, manage, and dispose of assets of the LSF9 Master Participation Trust and to prosecute legal actions on behalf of the LSF9 Master Participation Trust, including this mortgage foreclosure action." (Vargas Reply Decl. Ex. A. ¶¶ 1, 3.) Thus, Plaintiff's citizenship controls.

As a national banking association, Plaintiff's citizenship is defined by 28 U.S.C. § 1348, which provides that national banks shall "be deemed citizens of the States in which they are

---

[2] The Court will send Defendant copies of all unpublished decisions cited in this Opinion and Order.

respectively located." 28 U.S.C. § 1348; *see OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) (*per curiam*); *U.S. Bank Tr., N.A. v. Dupre*, No. 15-CV-558, 2016 WL 5107123, *3 (N.D.N.Y. Sept. 20, 2016). "[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located," *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006), and its citizenship is limited only to that state, *Melina*, 827 F.3d at 219. Thus, a party's "principal place of business is not to be considered when determining the citizenship of a national banking association." *Monroe*, 2017 WL 923326, at *4 (citing *Melina*, 827 F.3d at 218-21). Plaintiff's Complaint is poorly pleaded as to its citizenship, because it asserts that Plaintiff has "its principal place of business at 300 East Delaware Avenue, 8th Floor, Wilmington, DE." (Compl. ¶ 2.) Although Plaintiff may have meant that its main office is located at that address, that is not what Plaintiff pleaded. The Modlin affidavit establishes that Plaintiff's "principal executive office" is in Wilmington, DE, (Vargas Reply Decl. Ex. A ¶ 5), but does not specify that Wilmington is the location of its main office "as set forth in its articles of association." But the Court will assume that Plaintiff has sufficiently shown that it is a citizen of Delaware.

If Plaintiff and Gebman were the only parties to this case, Plaintiff's showing might suffice to establish that complete diversity exists. But Plaintiff also brought this action against BoA, another national association, and so its citizenship, too, must be considered. Plaintiff alleges in its Complaint that BoA has "its principal place of business in . . . Charlotte, NC." (Compl. ¶ 4.) No allegations are made with respect to the location of its main office. Plaintiff also has not submitted any evidence concerning the location of BoA's main office, nor did Plaintiff address BoA's citizenship in arguing in its reply that complete diversity exists. (*See* Vargas Reply Decl.; Doc. 58-1.) Because Plaintiff has failed to establish BoA's citizenship, this

5

Court cannot determine that complete diversity exists.  *See Monroe*, 2017 WL 923326, at *4.[3]
Therefore, the Complaint must be dismissed, and the Court need not consider Plaintiff's motion for summary judgment seeking a judgment of foreclosure and sale.

      B.    <u>Amendment of the Complaint</u>

If Plaintiff wishes to proceed in federal court, it must, within fourteen (14) days of the date of this Order, move to amend its Complaint to address the deficiencies identified above. Although the pleading deficiencies with respect to BoA's citizenship formed the basis for the dismissal of the Complaint, it would behoove Plaintiff to amend its allegations with respect to its own main office and its control over the trust as well.

The Court echoes the words of caution by other courts in this circuit directed at Plaintiff and its counsel, Gross Polowy, LLC, concerning the impropriety of pursing an action in federal court without taking care to properly assert subject matter jurisdiction.  *See, e.g.*, *U.S. Bank Trust, N.A. for LSF9 Master Participation Tr. v. Licata*, No. 17-CV-6037, 2017 WL 2671421, at *2 (June 21, 2017); *Monroe*, 2017 WL 923326, at *5.  Plaintiff and its counsel should heed the courts' instruction and should not continue to replicate the same mistakes.  In the future they should expect summary dismissal of complaints that do not allege the citizenship of a national banking association by reference to the location of its main office as set forth in its articles of association.

---

[3] Nor have the parties addressed whether BoA is an indispensable party who might be dismissed to preserve diversity.  *See generally Newman-Greene, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *Kafaru v. Burrows*, No. 07-CV-1520, 2008 WL 155406, at *2 (D. Conn. Jan. 9, 2008) (collecting cases).

C.     Requirements for Summary Judgment

Although the dismissal of Plaintiff's Complaint moots Plaintiff's motion for summary judgment, the Court cautions Plaintiff that, if the Court grants a motion to amend and Plaintiff thereafter again seeks summary judgment, such a motion must meet the requirements specified in the Local Rules.  As mentioned above, Plaintiff's original submissions did not comply with Local Civil Rules 56.1(d) and 56.2.  Plaintiff's counsel regularly appears in this Court and should know his obligations.  Notwithstanding the leeway given here and in *Featherston* after this Court's prior warning in *Dingman*, 2016 WL 6902480, at *1 n.1, any future motions that are similarly deficient in either respect will be summarily denied.  *See, e.g.*, Fed. R. Civ. P. 56(e)(4) ("If a party fails to properly support an assertion of fact . . . , the court may . . . issue any . . . appropriate order."); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."); *Wilson v. Pessah*, No. 05-CV-3143, 2006 WL 2668175, at *1-2 (E.D.N.Y. Sept. 15, 2006) (motion for summary judgment denied because movant failed to comply with Local Civil Rule 56.2).

Additionally, the Court encourages Plaintiff and its counsel to review the documentation provided in support of a renewed motion to ensure that the documents submitted sufficiently demonstrate, by competent proof, that the amounts claimed are owed to Plaintiff, *see Onewest Bank, N.A. v. Cole*, No. 14-CV-3078, 2015 WL 4429014, at *5 (E.D.N.Y. July 17, 2015); *Onewest Bank, N.A. v. Shepherd*, No. 13-CV-1104, 2015 WL 1957284, at *1 (N.D.N.Y. Apr. 29, 2015), and that the amounts claimed match the documentation provided in support of the amounts claimed.  Further, should Plaintiff seek attorney's fees in the future, the Court again reminds counsel that "'[c]ontemporaneous time records are a prerequisite for attorney's fees in

this Circuit.'" *Dingman*, 2016 WL 6902480, at *6 (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983)); *see Monroe*, 2017 WL 923326, at *1 n.1 (collecting cases where attorney's fees have been denied due to Gross Polowy's failure to submit contemporaneous time records).

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Complaint, (Doc. 1), is DISMISSED for lack of subject matter jurisdiction, and Plaintiff's motion for summary judgment seeking a judgment of foreclosure and sale, (Doc. 51), is DENIED as moot. The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 51). Plaintiff may move to amend its Complaint no later than August 21, 2018. If Plaintiff fails to so move, the Clerk of Court shall close the case without further order of the Court. The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to Defendant Gebman.

**SO ORDERED.**

Dated: August 7, 2018
       White Plains, New York

                                                          CATHY SEIBEL, U.S.D.J.